UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Catrina Colbert,  Case No. 05-89379
 Chapter 13
           Debtor.  Hon. Phillip J. Shefferly
_____/

**OPINION GRANTING IN PART AND DENYING IN PART
APPLICATION FOR PAYMENT OF ATTORNEY FEES**

I. Facts

On November 16, 2005, the Debtor filed a Chapter 13 petition. On February 14, 2006, a confirmation hearing was held. There were two objections. First, the Chapter 13 Trustee objected because the Debtor's Chapter 13 plan failed to contribute the Debtor's tax refunds to the plan as required by Freeman v. Schulman (In re Freeman), 86 F.3d 478, 481 (6th Cir. 1996). Second, the creditor holding a mortgage on the Debtor's residence objected to a 60 month cure period of the arrearage owing to that creditor as provided by the Debtor's Chapter 13 plan. The Court sustained the Trustee's objection and overruled the creditor's objection. Because there was a discrepancy in the calculation of the amount of the arrearage owing to the mortgage creditor and the amount of the monthly payments that would be required under the Chapter 13 plan, the Court permitted the parties the opportunity to confer regarding these calculations while the Court heard other cases scheduled for hearing on February 14, 2006. The Court then recalled this case at which time the Debtor, creditor and Chapter 13 Trustee agreed on the record as to the calculations of the arrearage and the monthly payment to be made. The Court then confirmed the Debtor's plan.

On February 15, 2006, the Debtor's attorney ("Applicant") filed an application for fees in the amount of $4,511.00 and expenses in the amount of $130.69. On March 2, 2006, the Chapter 13 Trustee filed objections. First, the Trustee objects to a number of specific time entries because some of those entries were for services that appear to be clerical or ministerial in nature, other time entries appear to improperly "lump" services performed, thereby rendering it impossible for the Trustee to determine whether the amount of time spent on each individual service was reasonable, and other entries do not appear to provide a benefit to the Debtor or to the estate pursuant to § 330(a)(4) of the Bankruptcy Code. Second, the Trustee objects to the "overall" fees as "excessive and unreasonable." On March 21, 2006, the Court held a hearing on the objections and took the matter under advisement. The Court has now had the opportunity to review the application and objections.

## II. Applicable Legal Standard

Section 330(a)(1)(A) provides that the Court may award "reasonable compensation for actual, necessary services rendered by . . . [a] professional person, or attorney and by any paraprofessional person employed by any such person . . . ." Section 330(a)(3) sets forth a number of non-exclusive factors for the Court to consider in determining the amount of reasonable compensation to be awarded:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

-2-

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Sixth Circuit Court of Appeals has directed that the lodestar method should be used by bankruptcy courts in determining reasonable attorney fees under § 330(a) of the Bankruptcy Code. Boddy v. United States Bankruptcy Court (In re Boddy), 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires the Court to calculate an award of attorney's fees by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. Id.

### III. Trustee's Specific Line Item Objections

In paragraphs 2 through 5 of his objections, the Trustee objects to specific time entries for November 21, 2005, November 29, 2005, December 2, 2005 (first entry), December 9, 2005, December 19, 2005, December 20, 2005 (second entry), February 2, 2006, and February 14, 2006 (first entry). The time entry of November 21, 2005 was for an individual who was identified in the application as Rodney Sawyer, the "office manager" for the Applicant. The specific time entry consists of "Received Notice of Commencement and calendared same." This time entry took .2 hours (i.e., 12 minutes). There is nothing in the application to indicate that Mr. Sawyer is a "professional person," "attorney," or "paraprofessional person." It appears to the Court that the service that was rendered by Mr. Sawyer is a clerical function and that it was performed by him in his capacity as "office manager." There is no

-3-

05-89379-pjs    Doc 38    Filed 05/25/06    Entered 05/25/06 16:48:10    Page 3 of 9

"service" that is performed by a professional person, attorney, or paraprofessional when an office manager "receives" a notice and "calendars" that notice. That is a clerical function. It is not compensable under § 330(a)(1). See In re Pinkins, 213 B.R. 818, 824 (Bankr. E.D. Mich. 1997) (finding that "expenses for clerical personnel should not be billed separately to clients, but should be included in office overhead") (citations omitted). Similarly, the entry of November 29, 2005 consists of "Faxed petition to DTE Energy and phone call with creditor," again performed by Mr. Sawyer. This task took .4 hours (i.e., 24 minutes). It is also a clerical function. The first time entry on December 2, 2005 was not performed by Mr. Sawyer but instead was performed by Laura Ingle, an attorney in the Applicant's office. Although the person performing the service in this instance is an attorney, the service itself was again a clerical function consisting of faxing and mailing documents. It is not compensable. The time entry on December 9, 2005, although performed by Jessica Davis, a paralegal, was again a clerical function. This task consisted of .3 hours (i.e., 18 minutes) to mail a letter to the client. (It is hard for the Court to understand how it could take 18 minutes to mail a letter, but in any event the task itself is clearly a clerical service.) The following entries also appear to the Court to be clerical in nature, some of which were performed by professionals, others of which were not, but none of which are compensable as reasonable and necessary services: December 12, 2005, December 16, 2005 (second entry), December 19, 2005 (second entry), December 19, 2005 (fourth entry), January 6, 2006 (first entry), January 30, 2006, February 2, 2006 (third entry), and February 13, 2006.

The Court sustains the Trustee's objections to each of the specific line items described above. That will result in a reduction of the Applicant's fees in the amount of $256.50. Because the Court sustains the Trustee's objection to these line items based on their clerical nature, the Court need not consider the

Trustee's argument that the Applicant improperly "lumped" services together on such line items or that the amounts charged for such line items were excessive.

That still leaves the Trustee's objections to the time entries of December 20, 2005 (second entry) and February 14, 2006 (first entry). The time entry of December 20, 2005 (second entry) consists of .3 hours to review a proof of claim filed by Sallie Mae. Although the time entry describing this task as "review" is not particularly informative, the Applicant's response to the Trustee's objections explains in more detail the four different loans and amounts of Sallie Mae's claim and the Applicant's exercise of assessing their impact upon the Debtor's plan. With that description, the Court finds that the time spent on this "review" was reasonable and therefore overrules the Trustee's objection. The February 14, 2006 (first entry) entry consists of .2 hours and the services are described on it as "Prepared and Filed Amended Schedule I." That task was performed by Steven A. Thomas. Although the Trustee complains that this amended schedule should have been filed much earlier by Applicant, the Trustee does not explain why the Court should now view the amended schedule as unnecessary or lacking benefit to the estate. Therefore, the Court overrules the Trustee's objection that this time entry "did not provide any benefit to the debtor or the estate."

### IV. Trustee's Objections to "Overall Fees"

In paragraph 1 of his objections, the Trustee asserts that the "overall fees" sought are "excessive and unreasonable." The Trustee does not challenge the Applicant's hourly rates and, for the most part, does not single out specific time entries in support of this objection. Instead, the Trustee takes a more holistic approach to the application. Although the Trustee identifies what he considers to be the norm for a Chapter 13 case in this district, the Trustee does not specifically identify the amount of total hours that

-5-

05-89379-pjs    Doc 38    Filed 05/25/06    Entered 05/25/06 16:48:10    Page 5 of 9

the Trustee would view as being a reasonable amount for this particular case.

After deleting 3.1 hours for those specific line items for clerical services discussed earlier in this opinion, the Applicant expended 25 total hours. Of this total, 22.4 hours were performed by three attorneys: Stephen A. Thomas at $200 per hour; Laura L. Ingle at $180 per hour; and Danielle M. Klyce at $150 per hour. The average hourly rate of the Applicant's attorneys who worked on this matter is $176.67. The Trustee argues that this was a routine Chapter 13 case that did not require the expenditure of so many hours. The Trustee also points out that Chapter 13 cases in this district typically are handled for a fee of approximately $1,800. In this case, the Trustee would allow for an additional hour's worth of time for a Bankruptcy Rule 2004 examination.

On the other hand, the Applicant defends the amount of hours expended in this case because the case presented "novel and unusual issues of law" under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). In addition, the Applicant notes that the large number of cases heard on February 14, 2006 meant that the hearing on this case did not conclude until 9:30 p.m. As a result, the Applicant billed 7 hours for the confirmation hearing, which was pro rated with Applicant's other cases on that day. Further, the Applicant argues that one hour for the Bankruptcy Rule 2004 examination is insufficient and that the 3.2 hours billed for the examination included writing a letter to the Debtor, reviewing a stipulation for the examination, reviewing documents prepared for the examination, and traveling to and attending the examination.

The Court first notes that the Trustee is accurate in his assertion regarding the customary compensation for Chapter 13 cases. In the Court's experience, attorney fees for a debtor's counsel in Chapter 13 cases in this district generally range between $1,800 and $2,500. As an illustration, that

-6-

05-89379-pjs    Doc 38    Filed 05/25/06    Entered 05/25/06 16:48:10    Page 6 of 9

approximates between 10 and 14 hours at Applicant's average hourly rate of $176.10. There are, of course, cases that command higher awards of fees than this range depending on the circumstances of the case. In this case, although the Applicant asserts that there were novel and complex issues for confirmation, the hearing on February 14, 2006 to confirm the plan basically had two issues: the creditor objected to a 60 month cure period and the Trustee objected to the Debtor's failure to include tax refunds as disposable income to contribute to the plan. These are not new issues and they required no ground breaking by the attorneys or the Court. The Court overruled the creditor's objection and concluded that in the circumstances of this case the 60 month cure was reasonable under § 1322(b)(5) of the Bankruptcy Code. The Court sustained the Trustee's objection based on the Sixth Circuit decision in In re Freeman, 86 F.3d at 481, which held that tax refunds are to be considered disposable income. The case law regarding that issue is well settled and was not changed by BAPCPA. This case did not present complex or novel legal issues under BAPCPA that justify the high number of hours put into this file by the Applicant.

Although the objection to confirmation raised by the Trustee could have easily been foreseen and avoided by the Applicant, the objection raised by the creditor was one that the Debtor could not have overcome absent a ruling by the Court. That issue alone necessitated a contested confirmation hearing on February 14, 2006. Unfortunately, the Court's Chapter 13 docket on that day was unusually long. The Trustee argues that the Applicant should not be compensated for the entire 7 hours billed because the Debtor's position on the tax refund issue was without merit. However, there was the additional issue concerning the mortgage cure period, which did require a legal ruling by the Court. Accordingly, the Court does not view the 7 hours as being unreasonable under these circumstances, and this unusually long time

entry explains in large part the high number of hours expended by Applicant.

Further, the Court overrules the Trustee's objection to the "overall" fees to the extent that this objection is based upon the reasonableness of the hours expended in connection with the Bankruptcy Rule 2004 examination. In the Court's experience, 3.2 hours to prepare for, travel to and attend a Bankruptcy Rule 2004 examination is not unreasonable.

Other than the specific time entries that the Trustee identified as clerical in nature or that "lumped" tasks together, the Trustee does not identify any other entries such that the Court could apply the lodestar approach to a "reasonable" amount of hours and a "reasonable" hourly rate. As noted, a typical amount of hours for a chapter 13 case in this district, performed at Applicant's hourly rate, is between 10 and 14. In this case, the Applicant expended 25 hours, after deducting the specific time entries for which the Court has already sustained the Trustee's objections. Of those 25 hours, 3.2 hours were for the Rule 2004 examination and 7 hours were for the contested confirmation hearing. The record does not support a finding that the time spent by the Applicant on either of those matters was unnecessary or unreasonable in the circumstances of this case. Those two line items, aggregating 10.2 hours, plus another 2.1 hours spent by the Applicant in reviewing the several proofs of claim filed in this case, are what drove the total hours in this case up to 25. Twenty-five hours certainly exceeds what the Court typically sees in confirmed Chapter 13 cases and produces what the Court considers to be a high fee in this case. But it is not enough for an objecting party to argue that these "overall" fees are "unreasonable," without pointing to specific time entries that fail to meet the requirements of § 330. The lodestar approach requires that the Court perform a mathematical calculation based on the hourly rate and the hours expended. The Trustee has not provided the Court with a sufficient basis on which to find that the Applicant spent an unreasonable amount of time,

or that the hourly rate is unreasonable.

After applying the lodestar approach to the fees of the Applicant and subtracting for the specific line items that are not compensable because they are clerical in nature, the Court concludes that a reasonable fee in this case is $4,254.50. Accordingly, the Court will award the Applicant the sum of $4,254.50, disallow the balance of the fees requested and award the costs in full in the amount of $130.69, for a total award of $4,385.19. The Court will enter a separate order consistent with this opinion.

Not for publication.

**Entered: May 25, 2006**

                                          **/s/ Phillip J. Shefferly**
                                     **Phillip J. Shefferly**
                                     **United States Bankruptcy Judge**

-9-

05-89379-pjs   Doc 38   Filed 05/25/06   Entered 05/25/06 16:48:10   Page 9 of 9